# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2926

———————

United States of America,        *
                                            *

            Appellee,      *    Appeal from the United States
                                    *    District Court for the District
    v.                         *    of Minnesota.
                                      *

George Olbert Hood,        *

                                            *
            Appellant.     *

———————

Submitted:  March 9, 1999
Filed: July 1, 1999

———————

Before FAGG, LAY, and WOLLMAN,* Circuit Judges.

———————

FAGG, Circuit Judge.

George Olbert Hood appeals the denial of his motions to suppress and to reopen his case to present additional evidence.  We affirm.

While on patrol in a Minneapolis neighborhood in May 1997, two police officers observed Hood driving a brown Cadillac.  One of the officers recognized Hood from an earlier careless driving incident, knew Hood sometimes drove without a valid

———————

*The Honorable Roger L. Wollman succeeded the Honorable Pasco M. Bowman as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the end of the day on April 23, 1999.

driver's license, and had information that Hood could be driving a stolen vehicle. As the officers made a U-turn to investigate this information, Hood sped away, parked his car, and fled on foot. The officers gave chase, but Hood eluded them, returned to the Cadillac, and sped backward two-and-a-half blocks down the street through at least one stop sign and into a private parking lot. When the officers reached Hood's car, Hood had disappeared, but the officers found Hood walking nearby and arrested him for careless driving. The officers then impounded the Cadillac, called a tow, and inventoried the car, finding some .38 caliber bullets in the back seat. After finding the bullets, the officers returned to the residential area where Hood first parked his car and ran from them, followed Hood's footprints in the snow, and found a .38 caliber gun in a window well.

On the way to the jail and before he was given Miranda warnings, Hood told the officers they should be out catching murderers and, after one of the officers said he was just glad to get a gun off the street, Hood stated everyone needed a gun in that neighborhood. Hood later volunteered to a federal agent that the day the bullets and gun were found he had tried to flag down the officers because he had just discovered the gun in the Cadillac's glove compartment.

Hood was indicted on one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. See 18 U.S.C. § 922(g) (1994). Before his trial, Hood moved unsuccessfully to suppress the bullets, the handgun, and his statements. At trial, a Government witness testified Hood had stored a car in the witness's garage in 1997 and the gun the police recovered in the window well had been stolen from the witness's locked garage. During his testimony, Hood disputed the date he used the witness's garage and, after resting his case, moved to reopen the evidence to admit a videotape showing one of Hood's cars in the garage in 1993. The district court denied the motion to reopen, concluding the videotape would only serve to impeach the Government's witness on a minor point. The jury convicted Hood on both counts.

Initially, Hood contends the police could not arrest him for careless driving and thus the district court should have suppressed his postarrest statements as the fruit of an illegal seizure. We disagree. Careless driving is a misdemeanor under Minnesota law. See Minn. Stat. § 169.13 subd. 2 (1998); id. § 609.02 subd. 3. Although Minnesota officers acting without a warrant must typically issue citations for misdemeanor offenses, officers can arrest for misdemeanors when "it reasonably appears to the officer that . . . there is a substantial likelihood that the accused will fail to respond to a citation." Minn. R. Crim. P. 6.01 subd. 1(1)(a) (1999). One of the officers testified he initially recognized Hood because he had arrested Hood for failing to appear on an earlier careless driving citation and had testified at Hood's trial on that charge. Because of his earlier experience with Hood, the officer could reasonably believe there was a substantial likelihood Hood would again fail to appear if only issued a citation and could, contrary to Hood's assertions, arrest Hood for careless driving based on that reasonable belief. Hood's statements following his lawful arrest were voluntary and spontaneous, see United States v. Hatten, 68 F.3d 257, 261-62 (8th Cir. 1995), and the district court properly refused to suppress them.

Hood also contends the bullets and gun should have been suppressed because the officers had no authority to impound and search his car. Again, we disagree. Minnesota statutes permit police to impound a vehicle for safekeeping when "the driver . . . of the vehicle is taken into custody." Minn. Stat. § 169.041 subd. 4(12) (1998). Hood argues the officers could not order a tow because Hood parked the Cadillac in a private lot -- albeit the lot of a residential building in which Hood did not live and where he could not properly leave his car -- before his second failed attempt to evade the officers on foot. Hood's contention is meritless because "[p]olice may take protective custody of a vehicle when they have arrested its occupants, . . . even if it is lawfully parked and poses no public safety hazard." United States v. Martin, 982 F.2d 1236, 1240 (8th Cir. 1993) (citations omitted); accord United States v. Mays, 982 F.2d 319, 321-22 (8th Cir. 1993); United States v. Ponce, 8 F.3d 989, 995-96 (5th Cir. 1993). Following established police policy, the officers conducted an inventory search

-3-

before the car was towed, discovered the bullets, retraced Hood's steps, and properly seized the gun abandoned by Hood during his first flight from the officers. See United States v. Willis, 967 F.2d 1220, 1223 (8th Cir. 1992). Because the district court did not commit error in denying Hood's motion to suppress, we reject Hood's related pro se argument that the admission of his statements, the bullets, and the gun violated his right to a fair trial.

We also reject Hood's contention that the district court abused its discretion in refusing to grant Hood's motion to reopen his case. See United States v. Blum, 65 F.3d 1436, 1444 (8th Cir. 1995) (standard of review); 8th Cir. R. 47B. We will not consider Hood's ineffective assistance of counsel claims on direct appeal as these claims are best presented on motion under 28 U.S.C. § 2255. See United States v. Triplett, 104 F.3d 1074, 1083 (8th Cir.), cert. denied, 520 U.S. 1236, and cert. denied, 520 U.S. 1270 (1997). Finally, we deny both Hood's motion to correct and modify the record and the Government's motion to supplement the record.

We thus affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.