# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1719

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Kelly Edward Woods, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 15, 2000

Filed: May 30, 2000

_____

Before RICHARD S. ARNOLD, LAY, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Kelly Edward Woods was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). After the district court[1] denied his motion to suppress, Woods entered a conditional guilty plea reserving the right to appeal the denial of his motion. He was sentenced to fifty-seven months in prison. Woods argues

_____

[1] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

that the district court erred in denying his motion to suppress evidence and pre-arrest statements. We affirm.

On January 16, 1998, Minneapolis undercover police officers who were working the Greyhound bus terminal observed Woods exit a bus that had arrived from Chicago. Woods was carrying a small duffel bag. According to the officers' testimony at the suppression hearing, Woods attracted their attention because he exited the bus quickly, appeared nervous and fearful of detection, held his bag tightly, and exited the terminal very rapidly. The officers followed Woods and approached him outside the bus terminal. They identified themselves and told Woods they were investigating drug and gun trafficking. One of the officers testified that Woods agreed to speak with them and was pleasant and cooperative during the encounter. At the officer's request, Woods produced identification and a bus ticket. The officer then asked for permission to search Woods' bag. Woods consented and volunteered the statements "I have a gun in my bag" and "let me show it to you." The officer's search of the bag revealed a handgun. After failing to present a permit for the gun, Woods was arrested.

The district court, adopting the report and recommendation of the magistrate judge,[2] found that the encounter between Woods and the officers was consensual and therefore did not implicate the protections of the Fourth Amendment. Although, the court found that Woods' Fourth Amendment rights were triggered when one of the officers subsequently conducted a search of his bag, it concluded that Woods had effectively waived his Fourth Amendment rights by voluntarily consenting to the search of the bag. We review for clear error the facts supporting the district court's denial of a motion to suppress. See United States v. Wadena, 152 F.3d 831, 851 (8th Cir. 1998), cert. denied sub nom. Clark v. United States,119 S. Ct. 1355 (1999). We review de novo its legal conclusions based upon those facts. See id. Having reviewed the record,

---

[2]The Honorable Franklin L. Noel, Chief United States Magistrate Judge for the District of Minnesota.

we find no clear error in the district court's findings of fact and we agree with its legal conclusions regarding Woods' Fourth Amendment rights.

However, Woods, an African-American, raises a Fourteenth Amendment challenge to the officers' actions as an alternative ground for suppression. Specifically, he asserts that Minneapolis police officers are predisposed to approaching "persons of color" for consensual encounters and did in fact approach Woods solely on the basis that he is African-American. He argues that a consensual encounter that is motivated solely by racial considerations violates the Equal Protection Clause of the Fourteenth Amendment, and evidence obtained from such an encounter should be suppressed.

Woods has provided scant evidence that Minneapolis police officers approached him because of his race. He points to the fact that he was the only individual approached by officers at the Greyhound bus terminal on January 16, and alludes to a Minnesota Task Force Study finding that "race is equated with the likelihood of ongoing criminal activity in the minds of many police officers." Appellant's Brief at 7. We do not think that such evidence comes close to establishing that the officers' decision to approach Woods was motivated by race. Cf. United States v. Travis, 62 F.3d 170, 175 (6th Cir. 1995) (discussing insufficiency of evidence proffered by defendant for showing consensual encounter was based solely on race). Nor are we convinced by Woods' argument that the magistrate judge's finding at the suppression hearing that, under a Fourth Amendment analysis, the officers lacked reasonable suspicion to stop Woods, thereby creates a presumption that the officers were acting on the basis of race.

Next, Woods contends that he should have received a Miranda warning when the police approached him because at that point he became the target of an investigation and was in custody for purposes of Miranda. We disagree. A consensual encounter does not amount to a custodial situation requiring the administration of Miranda warnings. See United States v. Guerrero-Hernandez, 95 F.3d 983, 986 (10th

Cir. 1996) (consensual encounter does not become custodial simply because individual being questioned is the target of an investigation); <u>United States v. Stephenson</u>, 924 F.2d 753, 760 (8th Cir. 1991) (finding consensual encounter at airport did not amount to custodial interrogation requiring <u>Miranda</u> warnings).

Finally, we reject Woods' arguments regarding alleged violations of Rule 5(a) of the Federal Rules of Criminal Procedure and the Speedy Trial Act, 18 U.S.C. § 3161(b), because we find that they are not properly before us on appeal.

For the foregoing reasons, Woods' conviction is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.