# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3260

_____

| | | |
|---|---|---|
| George Olbert Hood, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| United States of America, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 9, 2003

Filed: September 11, 2003 (Corrected: 09/19/03)

_____

Before BOWMAN, BEAM, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

The Government appeals the decision of the District Court granting George Olbert Hood's petition to vacate his sentence under 28 U.S.C. § 2255 (2000) on the basis of ineffective assistance of counsel. Because the District Court's decision conflicts with established precedent of this Circuit, we reverse.

In 1986, Hood was convicted in Minnesota state court of criminal sexual misconduct. Three years later, following Hood's completion of his sentence, Hood was issued a "Certificate of Discharge and Restoration to Civil Rights." Hood's

certificate of discharge did not contain any express restrictions on Hood's right to possess a firearm.[1]  On January 7, 1998, a federal jury found Hood guilty of being a felon in possession of ammunition and a felon in possession of a firearm, <u>see</u> 18 U.S.C. § 922(g) (1994 & Supp. V), which make it unlawful for "any person who has been convicted in any court of, [sic] a crime punishable by imprisonment for a term exceeding one year . . . to possess . . . in or affecting commerce, any firearm or ammunition."  The predicate felony for these offenses was Hood's 1986 conviction in Minnesota state court for criminal sexual misconduct.   The District Court sentenced Hood to seventy-two months of imprisonment on these felon-in-possession counts. We affirmed his conviction.  <u>United States v. Hood</u>, 183 F.3d 744 (8th Cir. 1999), <u>cert. denied</u>, 531 U.S. 1045 (2000).  Subsequently, Hood brought a § 2255 petition seeking to vacate his sentence, alleging ineffective assistance of his trial counsel, Faison Sessoms.

At the evidentiary hearing on Hood's petition, Sessoms testified that he had practiced criminal law since 1983 and was regularly appointed by the Federal Public Defender's office to represent defendants in court.  Sessoms further testified that he had handled approximately one thousand criminal matters, including twelve federal jury trials.   Notably, Sessoms stated that he was familiar with Eighth Circuit precedent on the issue of whether a felon who had been issued a certificate of

---

[1]The certificate states in full:

> This is to certify that George O. Hood who was on the 7th day of [July], 1986 sentenced to the Commissioner of Corrections by the District Court of Hennepin County, has completed such sentence and is hereby discharged this 3rd day of December 1989; and that pursuant to Minnesota Statutes, Section 609.165 the said George O. Hood is hereby restored to all civil rights to full citizenship, with full right to vote and hold public office, the same as if such conviction had not taken place.

Certificate of Discharge and Restoration to Civil Rights (Dec. 3, 1989).

discharge that did not expressly bar possession of a firearm could possess a firearm under federal law; he had argued and lost a similar issue before our Court in United States v. Ellis, 949 F.2d 952 (8th Cir. 1991). Because of this precedent, Sessoms apparently determined that such a legal argument in Hood's case would be futile. After meeting with Hood, Sessoms decided that the best defense Hood could offer the jury was that on the day of his arrest, Hood did not actually possess the firearm, a .38-caliber revolver, or any bullets. At his trial, Hood testified to that effect. Sessoms acknowledged during the evidentiary hearing that he did not review Hood's certificate of discharge and that, had he done so, he might have made an equitable estoppel argument to the jury that Hood was entitled to possess the pistol and ammunition.

In granting Hood's motion to vacate his sentence, the District Court reasoned that if Sessoms had moved to dismiss Hood's felon-in-possession indictment on the basis that Hood's certificate of discharge did not expressly bar Hood from possessing the pistol and ammunition, "there is a reasonable probability" that the District Court would have granted the motion because the plain language of 18 U.S.C. § 921(a)(20) (1994 & Supp. V) required Hood receive express notification of such a prohibition in order for his prior Minnesota felony conviction to count as a predicate offense for purposes of whether he was a felon-in-possession. Findings of Fact, Conclusions of Law and Order Granting Petitioner's § 2255 Motion ("Order") at 16–17 (Sept. 10, 2002). Accordingly, the District Court concluded that Sessoms's representation was ineffective and that his performance prejudiced Hood.

We review a district court's grant of a § 2255 motion, based solely on a legal conclusion, de novo. United States v. Nelson, 109 F.3d 1323, 1324 (8th Cir. 1997). To prevail on his ineffective assistance of counsel claim, Hood must establish that Sessoms's representation was deficient and that but for Sessoms's alleged "unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). We consider Sessoms's "conduct at the time of his representation of [Hood] and we avoid making judgment

based on hindsight." Fields v. United States, 201 F.3d 1025, 1027 (8th Cir.), cert. denied, 531 U.S. 885 (2000).

In this case, we conclude that Sessoms's conduct was not deficient because at the time of Hood's trial (as it is now as well), the District Court would have been obligated under Eighth Circuit precedent to deny a motion to dismiss Hood's indictment that was premised on the argument that his 1986 Minnesota conviction could not serve as a predicate felony offense for purposes of prosecution under § 922(g).

In order for Hood's prior Minnesota conviction to serve as a predicate offense for the felon-in-possession statute, it must satisfy the requirements of § 921(a)(20). That statute provides that "[w]hat constitutes a conviction . . . shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." § 921(a)(20); see also United States v. Wind, 986 F.2d 1248, 1250 (8th Cir. 1993) (noting that "state law determines what constitutes a prior state conviction for purposes of federal firearm statutes"). However, § 921(a)(20) also states that "[a]ny conviction . . . for which a person . . . has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." Id.

As noted, Hood was convicted in Minnesota state court in 1986 of criminal sexual misconduct and three years later, following his completion of that sentence, was issued a certificate of discharge restoring his civil rights. The certificate did not state Hood was prohibited from possessing firearms. Subsequently, Hood returned to his old criminal ways and was arrested in 1997. Stemming from that arrest, Hood was convicted of being a felon-in-possession (for possessing a .38-caliber pistol and bullets for that gun). Hood's 1986 Minnesota conviction served as the predicate felony offense for that charge. The District Court determined that Hood could not

have been charged with being a felon-in-possession because the plain language of § 921(a)(20) required that a person whose civil rights were restored must receive express notification prohibiting possession of a firearm. See Order at 16. In particular, the District Court appeared to believe that Hood in fact had his civil rights restored and that because his certificate of discharge did not expressly prohibit his possession of firearms, his prior Minnesota conviction could not serve as a predicate offense for the felon-in-possession charge. In reaching this conclusion, the District Court declined to apply binding precedent of our Circuit and instead embraced the reasoning of Fifth, Seventh, Ninth, and D.C. circuits, which have rejected our approach to interpreting § 921(a)(20). Id. at 11, 14. The District Court, however, is bound, as are we, to apply the precedent of this Circuit. See United States v. Collins, 321 F.3d 691, 698 n.5 (8th Cir. 2003), petition for cert. filed, (U.S. Aug. 18, 2003) (No. 03-6089).

The law of this Circuit requires that Hood's Minnesota felony conviction count as a "conviction" for purposes of §§ 921(a)(20) and 922(g). We have previously concluded that a person in Hood's position has not had his civil rights restored for purposes of § 921(a)(20), regardless of any restoration of civil rights included in a certificate of discharge. The reason for this is that at all times relevant to this case Minnesota law prohibited a felon convicted of a violent crime from possessing a firearm for ten years after his or her release or discharge from sentence. See Minn. Stat. § 624.713 subd. 1(b) (1998) (amended by Act of April 28, 2003, ch. 28, 2003 Minn. Sess. Law (S.F. 842)).[2] Section 624.713 subd. 1(b), which directly applies to this case, trumps Hood's certificate of discharge on the issue of whether Minnesota restored his civil rights to possess firearms. This statute prohibited Hood from possessing a firearm for ten years after the date of his discharge in 1989. Hood's

_____

[2]The statute has recently been amended to impose a lifetime ban on firearm possession for felons convicted of violent crimes. See, e.g., Minn. Stat. § 609.165 subd. 1(a).

felon-in-possession charge arose from his arrest in 1997, less than ten years from his state discharge.

As we stated in United States v. Traxel, "Minnesota felony convictions for which civil rights were restored after the enactment of section 624.713 subdivision 1(b) do not constitute convictions 'for which a person has had civil rights restored' within the meaning of section 921(a)(20)." 914 F.2d 119, 124 (8th Cir. 1990). In other words, Hood, for purposes of his § 922(g) conviction, did not have his civil right to possess a firearm restored because Minnesota law still prohibited him from possessing a firearm for ten years after his discharge from sentence. See Minn. Stat. § 624.713 subd. 1(b). Moreover, we do not think Traxel is distinguishable merely because it "did not discuss the effect of the certificate Minnesota hands to discharged prisoners." United States v. Glaser, 14 F.3d 1213, 1216 (7th Cir. 1994). On the contrary, as we recently reiterated in Collins, the "fact that the order of discharge itself did not contain an express limitation on the right to possess firearms is not controlling." Collins, 321 F.3d at 697(quoting Wind, 986 F.2d at 1252 (Magill, J. & Hansen, J. concurring)); see also Davis v. United States, 972 F.2d 227, 230–31 (8th Cir. 1992) (holding that defendant's prior Nebraska felony conviction was properly counted for sentence enhancement purposes even if defendant's certificate of discharge did not include the express limitation under § 921(a)(20)), cert. denied, 507 U.S. 950 (1993). In short, following the precedent of this Circuit, Hood's 1986 conviction does constitute a conviction for purposes of the § 922(g) charge.

Accordingly, we conclude that the District Court erred in finding that Sessoms's representation of Hood was deficient because it was reasonable for Sessoms to assume that the District Court would apply the precedent of this Circuit and deny any motion to dismiss Hood's indictment on the basis that Hood was entitled to possess the pistol and ammunition.

During oral argument of this case, Hood's counsel acknowledged that our precedent would require reversal of the District Court's decision. Nonetheless, Hood urges that we should affirm the granting of his petition because Sessoms's failure to investigate the certificate of discharge prevented Hood from raising a defense of "entrapment by estoppel." Br. of Appellee at 19. To prevail on this defense, Hood would have had to demonstrate that he reasonably relied on a statement by the government and that the government's statement misled him into believing his conduct was legal. See United States v. Benning, 248 F.3d 772, 775 (8th Cir.), cert. denied, 534 U.S. 922 (2001). According to Hood, had this defense been raised by Sessoms, "a jury could entertain a reasonable doubt based on the certificate restoring Mr. Hood's civil rights . . . 'as if such conviction had not taken place.'" Br. of Appellee at 20. We reject this argument. Nothing in Hood's certificate of discharge said Hood could possess a weapon. The certificate was silent on that issue. It is impossible for Hood to show any entrapment because he has failed to demonstrate any affirmative misrepresentation by the government. Simply put, Sessoms's representation of Hood was not deficient for failing to advance a defense that was devoid of legal merit.

For the reasons stated, we reverse the judgment of the District Court granting Hood's § 2255 petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-