# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No.  07-3325

_____

United States of America,          *

                                *

       Plaintiff – Appellee,    *

                                *   Appeal from the United States

   v.                          *   District Court for the

                                *   Western District of Missouri.

Robert Hullette,             *

                                *   [PUBLISHED]

       Defendant – Appellant.   *

_____

Submitted:  April 17, 2008
Filed:  May 1, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD Circuit Judges.

_____

PER CURIAM.

Appellant Robert Hullette pled guilty to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to eighteen months in prison.  He appeals, arguing that the district court[1] erred by granting the government's motion in limine to preclude the defense of entrapment by estoppel.  We review de novo a denial of the entrapment by estoppel defense.  United States v. Benning, 248 F.3d 772, 775 (8th Cir. 2001).

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

The defense of entrapment by estoppel applies only "when an official assures a defendant that certain conduct is legal, and the defendant reasonably relies on that advice and continues or initiates the conduct." United States v. Achter, 52 F.3d 753, 755 (8th Cir. 1995) (citations omitted). The government official must have committed affirmative misconduct before the defense is available. Benning, 248 F.3d at 775. The argument that a federally licensed firearms dealer is a government official whose representations give rise to an entrapment by estoppel defense has been foreclosed by prior judicial decisions. United States v. Austin, 915 F.2d 363, 366–67 (8th Cir. 1990) ("Despite the affirmative duty Congress has imposed upon federally licensed firearms dealers to enforce federal firearms laws at the point of sale, we cannot agree that this role, or their federal license to sell firearms, is sufficient to transform them into government officials, at least for purposes of the entrapment by estoppel defense.") (internal citations omitted), cert. denied 499 U.S. 977 (1991); see also United States v. Hardridge, 379 F.3d 1188, 1194 (10th Cir. 2004) ("To allow representations by firearms dealers to estop the government from prosecuting violations of the firearms law would be to give private individuals what amounts to a veto over enforcement of the criminal law.").

Moreover, even if Hullette were correct that a federally licensed firearms dealer was a government agent conveying a governmental statement, a report generated from the National Instant Criminal Background Check System (NICS) permitting the dealer to "proceed" with a firearms sale is not the type of statement giving rise to the entrapment by estoppel defense. The NICS signal to proceed would at most indicate that Hullette's felony conviction was not listed in the federal database.

Accordingly, the district court did not err in granting the government's motion in limine. We affirm the judgment.

_____