State of Nebraska, appellee, v.
Sarah E. Planck, appellant.
___ N.W.2d ___

Filed November 14, 2014.    No. S-14-151.

1.  **Jury Instructions: Appeal and Error.** Whether a jury instruction is correct is a
    question of law, regarding which an appellate court is obligated to reach a conclu-
    sion independent of the determination reached by the trial court.
2.  **Entrapment: Estoppel: Appeal and Error.** An appellate court reviews the
    denial of the defense of entrapment by estoppel de novo, because it is a question
    of law.
3.  **Actions: Jurisdiction.** Lack of subject matter jurisdiction may be raised at any
    time by any party or by the court sua sponte.
4.  **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is a court's power
    to hear and determine a case in the general class or category to which the pro-
    ceedings belong and to deal with the general subject involved in the action before
    the court and the particular question which it assumes to determine.
5.  ____: ____. Strictly speaking, "jurisdiction" refers to a court's adjudicatory
    authority. Accordingly, the term "jurisdictional" properly applies only to prescrip-
    tions delineating the classes of cases (subject matter jurisdiction) and the persons
    (personal jurisdiction) implicating that authority.
6.  **Motor Vehicles: Licenses and Permits: Revocation.** Impoundment of an opera-
    tor's license is governed by a statute authorizing a court to revoke or impound
    a license.
7.  **Jury Instructions: Proof: Appeal and Error.** To establish reversible error from
    a court's refusal to give a requested instruction, an appellant has the burden to
    show that (1) the tendered instruction is a correct statement of the law, (2) the
    tendered instruction is warranted by the evidence, and (3) the appellant was
    prejudiced by the court's refusal to give the tendered instruction.
8.  **Criminal Law: Entrapment: Estoppel.** The elements of the defense of entrap-
    ment by estoppel are: (1) The defendant acted in good faith before taking any
    action; (2) an authorized government official, acting with actual or apparent
    authority and who had been made aware of all relevant historical facts, affirm-
    atively told the defendant that his or her conduct was legal; (3) the defendant
    actually relied on the statements of the government official; and (4) such reliance
    was reasonable.
9.  **Courts: Jury Instructions.** A trial court need not instruct the jury on an issue
    where the facts do not justify such an instruction.
10. **Appeal and Error.** An appellate court is not obligated to engage in an analysis
    that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Platte County, Robert R.
Steinke, Judge, on appeal thereto from the County Court for
Platte County, Frank J. Skorupa, Judge. Judgment of District
Court affirmed.

Nathan J. Sohriakoff, Deputy Platte County Public Defender, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

CASSEL, J.

## INTRODUCTION

Sarah E. Planck appeals from a district court judgment affirming her county court conviction and sentence for driving while her motor vehicle operator's license was administratively revoked "on points." She focuses on the trial court's refusal to give an instruction on entrapment by estoppel. To support the defense, she pointed to a different court's earlier return of her operator's license following a period of impoundment as part of a sentence for reckless driving. Because this conduct did not amount to an affirmative representation that it was legal for her to drive, the trial court correctly refused the instruction and the district court correctly affirmed on appeal.

## BACKGROUND

### NANCE COUNTY IMPOUNDMENT
### FOR RECKLESS DRIVING

We first summarize the facts relating to Planck's earlier conviction for reckless driving, which conviction occurred on November 5, 2012, in the county court for Nance County. In connection with that conviction, the court impounded Planck's operator's license for 60 days, beginning November 8. Planck applied for a "work permit," and the court authorized Planck to drive between her house and her place of employment during the period of impoundment.

After the period of impoundment expired, Planck received her operator's license in the mail. Although Planck testified that it was accompanied by a "handwritten letter" from "Nance County," the letter was not offered in evidence. She did not testify regarding the exact date the license was

returned; rather, she related the time to the expiration of the 60-day impoundment period, which she equated to January 7, 2013.

## ADMINISTRATIVE REVOCATION
### ON POINTS

We next summarize the evidence regarding the administrative revocation of Planck's motor vehicle operator's license. The Nebraska Department of Motor Vehicles (DMV) received notice from the county court for Nance County of Planck's conviction and the impoundment of her license. A court's impoundment of a license is a separate process from the DMV's administrative revocation procedure. Due to the conviction, the DMV assessed Planck 5 points under Nebraska's point system.[1] Consequently, the records of the DMV showed that Planck had accumulated 12 or more points in a 2-year period, resulting in summary revocation of her operator's license.[2]

On November 7, 2012, the DMV mailed a letter to Planck stating that her license was revoked for 6 months, from November 7 until May 7, 2013. The DMV sent the revocation letter to Planck's last known address, which was an address in Monroe, Nebraska. The letter was sent by first-class mail. It was not returned to the DMV as undelivered.

On November 26, 2012, the DMV issued a "License Pickup Order," directing the Platte County sheriff to retrieve Planck's operator's license and listing Planck's address in Monroe, which is located in Platte County. The pickup order was canceled in April 2013.

## PLATTE COUNTY ARREST AND
### CONVICTION FOR DRIVING
### UNDER REVOCATION

We now turn to the events leading to the conviction and sentence before us in the instant appeal. On March 22, 2013, an officer with the Columbus Police Department stopped Planck's

---

[1] See Neb. Rev. Stat. § 60-4,182(9) (Cum. Supp. 2012).

[2] See Neb. Rev. Stat. § 60-4,183 (Reissue 2010).

vehicle for a traffic violation. After Planck produced her opera-
tor's license, the officer communicated with dispatch and was
advised that Planck's operator's license was revoked. The
officer arrested Planck, and the State subsequently charged her
with driving under revocation.

The county court for Platte County conducted a jury trial.
Planck testified that she thought she had a valid operator's
license at the time of her arrest. She testified that she never
"officially" received the letter from the DMV stating that
her license had been revoked and that the night of her arrest
was the first time she was informed of her license revocation.
Planck testified that when the county court for Nance County
impounded her license for 60 days, a police officer came to her
house to pick up the license. And after Planck's "work permit"
expired, she received her operator's license in the mail at her
address in Monroe along with a handwritten letter from "Nance
County." Planck thought all of her driving privileges had been
reinstated when her license was returned to her.

Planck testified that she would not have been driving if she
knew her license was revoked. She did not recall whether the
letter from Nance County stated that it was legal for her to
drive. Planck testified that neither the DMV nor Nance County
affirmatively communicated to her that it was legal for her to
drive. But she also testified that Nance County never told her
she could not drive and that she was led to believe she was free
to resume driving when she received her license in the mail.
Planck thought that the court had the authority to return her
license and allow her to drive.

Defense counsel offered three alternative proposed jury
instructions concerning entrapment by estoppel. The county
court refused to give such an instruction. The court stated:

> [T]here's no evidence as to who informed [Planck] either
> through affirmative conduct or actual statement that she
> could drive. There's no evidence that there was affirma-
> tive conduct or actual statement that she could drive.
> There's no evidence that . . . Planck relied on that
> affirmative conduct or statement to drive, rather her
> testimony was that she did not know that [her license]
> was revoked.

The jury returned a verdict of guilty of driving under revocation. The court entered judgment on the verdict and subsequently imposed a sentence.

### APPEAL TO DISTRICT COURT

Planck appealed to the district court. She included as assigned errors the county court's refusal of her three proposed jury instructions and its refusal to give any instruction on the defense of entrapment by estoppel.

The district court affirmed Planck's conviction and sentence. The court determined that Planck failed to offer sufficient evidence to warrant an instruction on entrapment by estoppel, because the evidence was insufficient to show that an official from the county court for Nance County either had been made aware of all relevant historical facts or had affirmatively told Planck that she could legally drive. The court reasoned:

> [W]hen asked if Nance County told her whether it was legal or acceptable for her to drive, Planck responded "[n]ot that I recall." Further, Planck offered no evidence as to whether the Nance County Court, when forwarding back her operator's license, had been made aware of all relevant historical facts, namely, the DMV's administrative revocation of her operator's license for the accumulation of points.

Planck timely appealed to the Nebraska Court of Appeals. We moved the case to our docket under our statutory authority to regulate the caseloads of the appellate courts of this state.[3]

### ASSIGNMENT OF ERROR

Planck assigns, restated and consolidated, that the district court erred in affirming the county court's refusal to give an instruction on the defense of entrapment by estoppel.

### STANDARD OF REVIEW

[1] Whether a jury instruction is correct is a question of law, regarding which an appellate court is obligated to reach

---

[3] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

a conclusion independent of the determination reached by the trial court.[4]

[2] An appellate court reviews the denial of the defense of entrapment by estoppel de novo, because it is a question of law.[5]

## ANALYSIS

### "Jurisdiction"

[3] The State purports to raise a jurisdictional issue. It questions whether the county court for Nance County had any subject matter jurisdiction to grant a "work permit." Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.[6]

[4,5] Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings belong and to deal with the general subject involved in the action before the court and the particular question which it assumes to determine.[7] Strictly speaking, "jurisdiction" refers to a court's adjudicatory authority. Accordingly, the term "jurisdictional" properly applies only to prescriptions delineating the classes of cases (subject matter jurisdiction) and the persons (personal jurisdiction) implicating that authority.[8]

The issue raised by the State is not an issue of subject matter jurisdiction regarding the case before us. There is no contention that the county court for Platte County lacked subject matter jurisdiction to hear Planck's driving under revocation case.

[6] Rather, the State is arguing that the portion of the Nance County impoundment order purporting to authorize driving to and from work was unauthorized by statute and void. In that sense, it is a collateral attack upon the Nance County order.

---

[4] *State v. McGuire*, 286 Neb. 494, 837 N.W.2d 767 (2013).

[5] See *U.S. v. Benning*, 248 F.3d 772 (8th Cir. 2001).

[6] *Davis v. Choctaw Constr.*, 280 Neb. 714, 789 N.W.2d 698 (2010).

[7] *Kotrous v. Zerbe*, 287 Neb. 1033, 846 N.W.2d 122 (2014).

[8] *State v. Ryan*, 287 Neb. 938, 845 N.W.2d 287 (2014).

We observe that impoundment of an operator's license is governed by a statute authorizing a court to revoke or impound a license.[9] Under the statute, if the court revokes a license, it must order the revocation of the license "to operate a motor vehicle for any purpose."[10] But if the court impounds a license, it must order the person to "not operate a motor vehicle."[11] One might argue that the absence of the limiting words "for any purpose" impliedly authorizes a court to permit a convicted person to drive to and from work during the period of impoundment.

But we need not decide this issue. It is not a matter of subject matter jurisdiction in the Platte County case. Rather, it is merely another basis for arguing that the requested instruction was not justified by the evidence. Because we rely upon a different reason for our conclusion that the instruction was not warranted, we need not further address the State's "jurisdictional" argument.

### Entrapment by Estoppel

[7] The crux of Planck's argument is that an instruction on entrapment by estoppel should have been given. To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction.[12] Here, the county court determined that the evidence did not warrant an instruction on entrapment by estoppel and the district court agreed.

[8] The law regarding the defense of entrapment by estoppel is relatively new in Nebraska. We recently recognized it as an available affirmative defense in *State v. Edwards*.[13] There, we noted that the defense was rooted in the Due

---

[9]  See Neb. Rev. Stat. § 60-496 (Reissue 2010).

[10]  See *id*.

[11]  See *id*.

[12]  *State v. Morgan*, 286 Neb. 556, 837 N.W.2d 543 (2013).

[13]  *State v. Edwards*, 286 Neb. 404, 837 N.W.2d 81 (2013).

Process Clause of the Fifth Amendment.[14] And we discussed *Raley v. Ohio*[15] and *Cox v. Louisiana*,[16] two cases from the U.S. Supreme Court that interpreted the defense.[17] In *State v. Edwards*, the trial court instructed the jury on the defense using the following elements: (1) The defendant acted in good faith before taking any action; (2) an authorized government official, acting with actual or apparent authority and who had been made aware of all relevant historical facts, affirmatively told the defendant that his or her conduct was legal; (3) the defendant actually relied on the statements of the government official; and (4) such reliance was reasonable.[18] We accepted this articulation, stating that "[a]lthough jurisdictions have formulated the elements of the entrapment by estoppel defense in various ways, we agree that the instruction as given accurately states the essential elements of the defense."[19] In a subsequent case,[20] we stated that the defense of entrapment by estoppel consists of the four elements that were articulated by the trial court in *State v. Edwards* and reasoned that the evidence did not warrant the giving of such an instruction.

Planck submitted three proposed jury instructions concerning entrapment by estoppel. Planck's tendered instruction No. 3 mirrored the elements set forth in *State v. Edwards*. Proposed instruction No. 1 listed the elements as follows:

> 1. An agent or entity of the Nebraska Government informed, either through affirmative conduct or an actual statement, . . . Plan[c]k that she could drive; and
>
> 2. . . . Planck relied on the affirmative conduct or statement; and
>
> 3. . . . Planck's reliance on the affirmative conduct or statement was reasonable; and

---

[14] See *id.*

[15] *Raley v. Ohio*, 360 U.S. 423, 79 S. Ct. 1257, 3 L. Ed. 2d 1344 (1959).

[16] *Cox v. Louisiana*, 379 U.S. 559, 85 S. Ct. 476, 13 L. Ed. 2d 487 (1965).

[17] See *State v. Edwards, supra* note 13.

[18] *Id.*

[19] *Id.* at 414, 837 N.W.2d at 89-90.

[20] See *State v. Green*, 287 Neb. 212, 842 N.W.2d 74 (2014).

    4. Given . . . Planck's reliance on the affirmative con-
duct or statement, conviction would be unfair.

Her proposed instruction No. 2 formulated the elements
this way:

    1. . . . Planck acted in good faith before driving;

    2. A government agent or government entity, acting
with actual or apparent authority and who was aware of
or should have been aware of all relevant historical facts,
informed . . . Planck through statements or affirmative
conduct, that she could drive;

    3. . . . Planck actually relied on the information of the
government agent or entity;

    4. . . . Planck's reliance was reasonable; and

    5. Given . . . Planck's reliance[,] conviction would
be unfair[.]

Each of the instructions proposed by Planck required some
affirmative act by the governmental official. Proposed instruc-
tion No. 1 required that the government entity "either through
affirmative conduct or an actual statement" informed Planck
that she could drive. Proposed instruction No. 2 required that
the government entity informed Planck that she could drive
"through statements or affirmative conduct." And proposed
instruction No. 3 required that Planck be "affirmatively told"
that her conduct was legal.

The decisions of the U.S. Supreme Court guide us regard-
ing the necessity of an affirmative statement or affirmative
conduct. In *Raley v. Ohio*,[21] three of the defendants were
specifically told by the chairman of a state commission that
they had a right to refuse to testify. The fourth defendant
was not affirmatively told that the privilege was available
but was given the impression that it was by the chairman's
behavior. The Court stated: "Here there were more than com-
mands simply vague or even contradictory. There was active
misleading."[22] In *Cox v. Louisiana*, the Court noted that the
defendant and his group "were affirmatively told that they

---

[21] *Raley v. Ohio, supra* note 15.

[22] *Id*., 360 U.S. at 438.

could hold the demonstration on the sidewalk of the far side of the street."[23] And in *United States v. Pennsylvania Chem. Corp.*,[24] the Court determined that the defendant should have been permitted to present evidence that it was affirmatively misled by the longstanding official administrative construction of a statute into believing that its conduct was not criminal.

The requirement of a statement by an official or other affirmative representation is in line with formulations of the defense in the federal circuit courts. The First Circuit has rejected a claim of entitlement to the defense where there was no affirmative representation that the conduct would be legal.[25] It appears that the Second[26] and Eighth[27] Circuits require a statement by a government official. Under the formulations of the Third,[28] Fourth,[29] and Ninth Circuits,[30] a government official must tell the defendant that the conduct was legal. The Fifth Circuit requires that the government official "actively assures a defendant that certain conduct is legal."[31] The 6th[32] and 10th[33] Circuits have listed an element of the defense as being that an official actively misled the defendant. The Seventh Circuit requires that the government official affirmatively assures the defendant that the conduct is legal or that the official actively misled the defendant.[34]

---

[23] *Cox v. Louisiana, supra* note 16, 379 U.S. at 571.

[24] *United States v. Pennsylvania Chem. Corp.*, 411 U.S. 655, 93 S. Ct. 1804, 36 L. Ed. 2d 567 (1973).

[25] See *U.S. v. Pardue*, 385 F.3d 101 (1st Cir. 2004).

[26] See *U.S. v. George*, 386 F.3d 383 (2d Cir. 2004).

[27] See *U.S. v. Benning, supra* note 5.

[28] See *U.S. v. West Indies Transport, Inc.*, 127 F.3d 299 (3d Cir. 1997).

[29] See *U.S. v. Clark*, 986 F.2d 65 (4th Cir. 1993).

[30] See *U.S. v. Batterjee*, 361 F.3d 1210 (9th Cir. 2004).

[31] *U.S. v. Spires*, 79 F.3d 464, 466 (5th Cir. 1996).

[32] See *U.S. v. Theunick*, 651 F.3d 578 (6th Cir. 2011).

[33] See *U.S. v. Bader*, 678 F.3d 858 (10th Cir. 2012).

[34] See *U.S. v. Baker*, 438 F.3d 749 (7th Cir. 2006).

Planck was not entitled to any of the proposed instructions, because there was no evidence of an affirmative statement or affirmative conduct that she could drive. Planck admitted that the county court for Nance County did not affirmatively communicate to her that it was legal for her to drive. Rather, she relies on the court's conduct in issuing the "work permit" and returning her license at the end of the impoundment period.

But other courts have found similar conduct to be insufficient to warrant the giving of an instruction on entrapment by estoppel. In *U.S. v. Lemieux*,[35] the defendant claimed that his purchase of a firearm from a federally licensed dealer was the equivalent to being told by federal authorities that he could legally purchase a firearm, but the appellate court determined that entrapment by estoppel was not available as a defense. The court reasoned in part that "[t]here is no allegation that a firearms dealer told [the defendant] that the purchase was legal; the dealer simply completed the sale, a distinction that makes a difference under an estoppel theory."[36] Similarly, in the instant case, the court processed Planck's request for a "work permit," but never told her that she could legally drive after the period of impoundment. That was merely an assumption on her part. And the Eighth Circuit has stated that a report generated by a background check system which permitted a firearms dealer to proceed with a firearms sale "is not the type of statement giving rise to the entrapment by estoppel defense. The [background check system] signal to proceed would at most indicate that [the defendant's] felony conviction was not listed in the federal database."[37] Likewise, the county court's issuance of the "work permit" and return of Planck's license indicates that it was unaware of the DMV's administrative license revocation.

The First Circuit has also rejected the defense of entrapment by estoppel where there was no evidence that the

---

[35] *U.S. v. Lemieux*, 550 F. Supp. 2d 127 (D. Me. 2008).

[36] *Id*. at 133.

[37] *U.S. v. Hullette*, 525 F.3d 610, 612 (8th Cir. 2008).

defendant was affirmatively told that his or her conduct was legal. In *U.S. v. Sousa*,[38] the defendant was indicted for being a felon in possession of a firearm. He argued entrapment by estoppel, because a court had treated his 1977 predicate offense as a misdemeanor during a criminal proceeding in 1990. Further, in 1988, a police department issued the defendant a firearm identification permit; thus, he argued that he reasonably believed his 1977 conviction was a misdemeanor and that he could legally carry a firearm. He claimed that the police department "'told him' that possessing a firearm was legal by issuing him a firearm identification card."[39] But the appellate court observed that the defendant did not claim that an official affirmatively told him that he could legally possess a firearm, and thus, the defense was not available to him. In *U.S. v. Pardue*,[40] the First Circuit rejected the defense of entrapment by estoppel, because the defendant did not adduce evidence that a Marine Corps official affirmatively told him it was legal for him to keep ammunition in his backpack in civilian life. Despite a domestic violence misdemeanor conviction, the defendant was authorized to possess weapons while in the Marines, and he assumed it was legal for him to do so after being discharged. The court stated: "Defendant has disclosed no affirmative representation from any government official regarding the legality of possessing ammunition in civilian life. He merely assumed, without being told, that he could possess ammunition after his discharge from the Marines."[41] We are presented with a comparable situation here: an assumption by Planck that it was legal for her to drive, without her being specifically told that she could do so.

We adhere to our requirement of an affirmative statement by a government official as an element of entrapment by

---

[38] *U.S. v. Sousa*, 468 F.3d 42 (1st Cir. 2006).

[39] *Id.* at 46.

[40] *U.S. v. Pardue, supra* note 25.

[41] *Id.* at 108-09.

estoppel. In *State v. Green*,[42] we concluded that based upon the record, the defendant was not entitled to an entrapment by estoppel instruction. We stated that the defendant had the burden to show that he was affirmatively told that he could possess a sword and knife collection, but that there was no such evidence in the record. We further stated that the defense was not warranted based on evidence the defendant reported the collection on paperwork filed with the probation office and assumed that it was permitted because he was not told differently. We reasoned that "this was not an affirmative statement from an authorized government official, nor can [the defendant] produce the paperwork where he allegedly disclosed this collection."[43]

[9] A trial court need not instruct the jury on an issue where the facts do not justify such an instruction.[44] Because Planck did not adduce evidence of an affirmative statement from an authorized government official that she could legally drive, the county court did not err in refusing to instruct the jury on the defense of entrapment by estoppel.

[10] We need not consider Planck's challenge to the element of the defense as set forth in *State v. Edwards*[45] requiring that the government agent be "aware of all relevant historical facts." An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[46]

## CONCLUSION

We conclude that Planck was not entitled to an instruction on the defense of entrapment by estoppel, because the evidence did not establish any affirmative statement by the county court for Nance County that it was legal for Planck to drive. Planck's assumption that she could legally drive based

---

[42] *State v. Green, supra* note 20.

[43] *Id*. at 227, 842 N.W.2d at 89.

[44] *Shipler v. General Motors Corp*., 271 Neb. 194, 710 N.W.2d 807 (2006).

[45] *State v. Edwards, supra* note 13.

[46] *State v. Bol*, 288 Neb. 144, 846 N.W.2d 241 (2014).

on the processing of paperwork and return of her license, in the absence of being specifically told, was not sufficient to warrant the giving of the instruction. We affirm the judgment of the district court, which affirmed the judgment of the county court for Platte County.

AFFIRMED.