# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1856
_____

United States of America

*Plaintiff - Appellee*

v.

Donald Bramlett

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs
_____

Submitted: January 11, 2023
Filed: May 18, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.
_____

PER CURIAM.

Donald Bramlett was convicted by a jury of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a) and was sentenced to 24 months' imprisonment.

He appeals, arguing that the district court[1] erred by failing to give his preferred jury instruction on "knowledge." We affirm.

The district court read each proposed jury instruction during the jury instruction conference and solicited objections from both parties. Defense counsel objected to Jury Instruction Number 7, which listed the elements of failure to register as a sex offender. The court acknowledged that Bramlett had requested that the instruction state that the government must prove beyond a reasonable doubt that the defendant was not entrapped, but explained that it was Bramlett's burden to prove the defense of entrapment by estoppel by a preponderance of the evidence. See United States v. Benning, 248 F.3d 772, 775 (8th Cir. 2001) (defendant has burden of proof). When defense counsel expressed concern that "the jury should know what knowledge means," the court read Jury Instruction Number 11 on knowledge, to which defense counsel responded, "Okay." When asked by the court if defense counsel was "fine with this instruction," counsel stated that he was "still going to object."

Any confusion regarding which instruction defense counsel objected to was cleared up shortly thereafter, when the district court continued through the jury instructions and reread Instruction Number 11 on knowledge. Defense counsel responded, "Good for the defense," with no further comment. "When a party expressly agrees to an instruction, the doctrine of invited error applies, and any objection to the instruction is waived." United States v. Davis, 826 F.3d 1078, 1082 (8th Cir. 2016). Accordingly, "we do not review the objection at all." United States v. Spencer, 998 F.3d 813, 818 (8th Cir. 2021).

The judgment is affirmed.

_____

---

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.