The People of the State of New York, Respondent, v Vone Wynn, Appellant. [888 NYS2d 38]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at *Gomberg* inquiry; Bonnie G. Wittner, J., at hearings, jury trial and sentence), rendered March 24, 2005, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant was not deprived of his right to conflict-free counsel. Defendant chose to retain an attorney who was the brother of a former prosecutor who had handled the initial stages of this case and who had taken a videotaped statement from defendant. Defendant made a valid waiver of any potential conflict arising from this situation when, at several court appearances and during a thorough inquiry pursuant to *People v Gomberg* (38 NY2d 307 [1975]), the court warned him of the possible disadvantages of this arrangement. Moreover, defendant also consulted with a second, conflict-free attorney regarding the decision to remain with the potentially conflicted attorney, and it was the second attorney who cross-examined the lead attorney's brother at both the suppression hearing and trial. There is no merit to defendant's suggestion on appeal that, despite all these precautions, there was an unwaivable conflict (*see United States v Perez*, 325 F3d 115, 125-129 [2d Cir 2003]).

The court properly exercised its discretion when it precluded defendant from introducing a document reflecting a prior incon-

sistent statement after the witness had admitted making the statement (*see People v Piazza*, 48 NY2d 151, 164-165 [1979]), and, with regard to another witness, when it permitted the People to introduce evidence that defendant characterizes as a prior consistent statement, but which actually clarified other portions of the same statement that had been elicited on cross-examination (*see People v Torre*, 42 NY2d 1036 [1977]). The court properly received portions of defendant's statement to a detective for which the People had not provided timely notice, because the detective testified about the complete statement at the suppression hearing and defendant had a full opportunity to litigate the issue, rendering irrelevant any deficiency in the notice (*see e.g. People v Dillon*, 30 AD3d 1135, 1136 [2006], *lv denied* 7 NY3d 812 [2006]). The court properly declined to charge justification, since there was no reasonable view of the evidence, when viewed most favorably to defendant, that defendant believed, or had any reason to believe, that the victim was using or about to use deadly physical force (*see People v Goetz*, 68 NY2d 96, 105-106 [1986]; *People v Watts*, 57 NY2d 299, 301 [1982]). By failing to object, or by failing to request a further remedy following corrective action, defendant failed to preserve any of his remaining challenges to the court's conduct of the trial, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence or remanding for resentencing. Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ.