OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
Defendant was charged with operating a home improvement business without a license in violation of Nassau County-Administrative Code § 21-11.2 (as added by Local Law No. 6 [1970] of Nassau County). The ordinance provides that “[n]o person shall own, maintain, conduct, operate, engage in or transact a home improvement business after January first nineteen hundred seventy two, or hold himself out as being able to do so after such date unless he is licensed therefore pursuant to this title.” Conspicuously absent from the ordinance is the requirement of a culpable mental state.
At the conclusion of the trial, defense counsel requested that the District Court instruct the jury that, in order to find defendant guilty of the charged offense, defendant must have acted either recklessly or negligently in failing to obtain a home improvement business license. Defense counsel also asked the District Court to charge thé jury with the affirmative defense of entrapment by estoppel (Penal Law § 15.20 [2]). The District Court declined to issue either charge, and the jury found defendant guilty.
*45 Contrary to defendant’s contention, the District Court properly declined to charge the jury that the alleged offense requires proof of a culpable mental state. New York precedents have formulated the equivalent of a rational basis test to determine whether a criminal statute or ordinance which specifies only an actus reus imposes strict liability. This standard requires a court to discern whether there is a reasonable relationship between the purpose of the criminal statute or ordinance, along with the conduct it proscribes, and the “safety, health, morals or welfare” of the public (People v Munoz, 9 NY2d 51, 58 [1961]; see People v Campbell, 72 NY2d 602, 609 [1988, Bellacosa, J., dissenting]). A statute or ordinance will be found to impose strict liability when such a reasonable relationship exists.
Applying the aforementioned test to Local Law No. 6, we find that the District Court correctly declined to impute a culpable mental state to its language. With respect to the purpose of the provision, the preamble to Local Law No. 6 explicitly provides that “[i]t is the purpose of the Board of Supervisors in enacting this Local Law to safeguard and protect the homeowner against abuses on the part of home improvement contractors by regulating the home improvement, remodeling and repair business and by licensing of persons engaged in such business” (Nassau County Administrative Code § 21-11.0). Thus, the Board of Supervisors specifically intended that Local Law No. 6 protect the public from fraud, shoddy workmanship and other safety concerns attendant to unlicensed contractors.
Furthermore, in proscribing unlicensed contractors’ engaging in home improvement work, Local Law No. 6 protects the public from the inherent harm in trusting their safety and property to nonlicensed individuals. As a result, Local Law No. 6 “specifies a strict liability offense not requiring any culpable mental state,” and we choose to refrain from “rewriting] the plain words of the statute by adding, through judicial gloss, a culpable mental state or new element not provided by the [Board of Supervisors]” (People v Nelson, 11 Misc 3d 126[A], 2006 NY Slip Op 50201[U], *2 [App Term, 1st Dept 2006]).
The District Court also properly denied defendant’s request to charge the jury with the affirmative defense of entrapment by estoppel. Penal Law § 15.20 (2) states that
“[a] person is not relieved of criminal liability for conduct because he engages in such conduct under a mistaken belief that it does not, as a matter of *46 law, constitute an offense, unless such mistaken belief is founded upon an official statement of the law contained in (a) a statute or other enactment, or (b) an administrative order or grant of permission, or (c) a judicial decision of a state or federal court, or (d) an interpretation of the statute or law relating to the offense, officially made or issued by a public servant, agency or body legally charged or empowered with the responsibility or privilege of administering, enforcing or interpreting such statute or law” (emphasis added).
The “official statement of . . . law,” however, “must in fact authorize the conduct in question; a reasonable belief that the statement authorizes such conduct is insufficient” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 15.20, at 125-126 [internal quotation marks omitted]; see People v Fraser, 96 NY2d 318, 326 [2001]). In this case, defendant failed to demonstrate that Village of Roslyn officials had authorized him to perform construction work on the complainant’s home without the requisite home improvement business license. At most, defendant established that the Village had erred when it had issued him a construction permit based on inaccurate licensing information.
We note in passing that Municipal Home Rule Law § 10 (1) (ii) (a) (12) (b) has no bearing on the disposition of this appeal because the Village of Roslyn does not regulate the licensing of home improvement businesses.
Accordingly, the judgment of conviction is affirmed.
Molía, J.P, Tanenbaum and LaCava, JJ., concur.