State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
John Blake Edwards, respondent.
___ N.W.2d ___

Filed August 22, 2014.    No. S-12-609.

Original action. Judgment of suspension. Order of reinstatement.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission filed by John Blake Edwards, respondent, on March 11, 2014. The court accepts respondent's conditional admission and enters an order of an 18-month suspension retroactive to the date of respondent's temporary suspension, September 13, 2012, and a further order that respondent be automatically reinstated without further application to the court.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska in 1991. On September 19, 2011, a "Second Amended Information" was filed in the district court for Keith County, charging respondent with three counts of theft by unlawful taking in violation of Neb. Rev. Stat. § 28-511(1) (Reissue 2008), a Class III felony, related to the operation of a pretrial diversion program for Keith County. Counts I and II of the "Second Amended Information" concerned payments from the pretrial diversion program's funds to respondent's spouse for work performed and other expenditures. Count III stated that "'[o]n or about the 20th day of January, 2009, [respondent] did take or exercise control over movable property of another with the intent to deprive him or her thereof, to-wit: money belonging to Keith County, Nebraska, with a value of more than $1,500.00.'" Count III involved a payment that

respondent had made to a nonprofit youth organization from the pretrial diversion program's funds.

Respondent was tried on the three counts, and on June 22, 2012, he was found guilty of Count III. On August 15, respondent was sentenced to 36 months' community-based probation, which included 9 months' house arrest. Respondent was ordered to complete 1,200 hours of community service, to make restitution in the amount of $3,691.09, to obtain psychological counseling, and to complete such cognitive behavior modification programs as directed by the probation office. As a result of his conviction, respondent was temporarily suspended by this court on September 13 and complied with Neb. Ct. R. § 3-316 (rev. 2014) on October 12. Respondent has not been reinstated.

Respondent appealed his conviction, and on August 2, 2013, this court reversed his conviction and remanded the cause for a new trial. See *State v. Edwards*, 286 Neb. 404, 837 N.W.2d 81 (2013). On December 12, as a result of a plea agreement, the State filed its "Fourth Amended Information" containing one count against respondent. Count I of the "Fourth Amended Information" stated that respondent had violated Neb. Rev. Stat. § 28-924 (Reissue 2008), official misconduct, a Class II misdemeanor.

Pursuant to the plea agreement, respondent pled guilty to Count I contained in the "Fourth Amended Information." In support of respondent's plea, the State and respondent agreed to submit to the court a written "Factual Basis" for the plea. The district court accepted respondent's plea, and on February 14, 2014, respondent was sentenced to a fine of $500 and 30 days in jail with work release. He was ordered to pay the costs related to the proceeding.

On March 11, 2014, with the agreement of the Counsel for Discipline, respondent filed a conditional admission with this court, pursuant to Neb. Ct. R. § 3-313 (rev. 2014) of the disciplinary rules, in which he conditionally admitted that he violated Neb. Ct. R. of Prof. Cond. § 3-508.4(b) (misconduct). Respondent knowingly chose not to challenge or contest the truth of the matters conditionally admitted and

waived all proceedings against him in connection therewith in exchange for an 18-month suspension, retroactive to the date of his temporary suspension, September 13, 2012, and that he be automatically reinstated without further application to this court.

The proposed conditional admission was approved and was accompanied by a declaration stating that respondent's proposed discipline is appropriate under the circumstances.

Upon due consideration, we approve the conditional admission and order an 18-month suspension retroactive to the date of respondent's temporary suspension, September 13, 2012. We further order that respondent be automatically reinstated without further application to the court.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (A) At any time prior to the Clerk's entering a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of a Grievance or of a Complaint in exchange for a stated form of consent judgment of discipline as to all or a part of the Grievance or Complaint pending against him or her as determined to be appropriate by the Counsel for Discipline and the appropriate Committee on Inquiry; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rule

§ 3-508.4(b). Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is ordered suspended for a period of 18 months retroactive to the date of his temporary suspension, September 13, 2012, and respondent is ordered automatically reinstated without further application to the court. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323(B) of the disciplinary rules within 60 days after the order imposing costs and expenses, if any, is entered by the court.

Judgment of suspension.
Order of reinstatement.

---

Daniel Hoppens, appellant, v. Nebraska Department of Motor Vehicles, appellee.
___ N.W.2d ___

Filed August 22, 2014.    No. S-13-755.

1. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.
2. ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. **Judgments.** Whether a decision conforms to law is by definition a question of law.
4. **Judgments: Appeal and Error.** An appellate court determines questions of law independently of the lower court.
5. **Administrative Law: Motor Vehicles: Licenses and Permits: Revocation: Police Officers and Sheriffs: Jurisdiction.** An arresting officer's sworn report under Neb. Rev. Stat. § 60-498.01(2) (Cum. Supp. 2012) serves two functions essential to the administrative license revocation process: (1) It establishes a prima facie basis for revocation, and (2) it confers jurisdiction on the Department of Motor Vehicles.