IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. HALL


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

JAMES H. HALL, JR., APPELLANT.


Filed June 21, 2016.    No. A-15-548.


Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Robert Wm. Chapin, Jr., for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.


MOORE, Chief Judge, and INBODY and RIEDMANN, Judges.

RIEDMANN, Judge.

### INTRODUCTION

James H. Hall, Jr., appeals from his convictions in the district court for Lancaster County of three counts of possession of a firearm by a prohibited person and one count of possession of a defaced firearm. On appeal he challenges the sufficiency of the evidence, the district court's refusal to give one of his tendered jury instructions, and two aspects of his sentences. We affirm.

### BACKGROUND

In May 2014, a Lincoln police officer observed a photograph posted on a Facebook account which depicted Hall holding three firearms. A check of Hall's criminal history revealed that he had been convicted of felony offenses in the state of California in 2007 and 2009. Based on this information, Lincoln police obtained and executed a search warrant at Hall's residence. On a closet shelf in Hall's bedroom, they located three firearms, which included a Taurus .40 caliber

- 1 -

semi-automatic handgun, an Intratec 9mm Luger Tec-DC9 referred to as a "Tec-9," and a Ruger .22 caliber revolver. The Ruger .22 had a defaced serial number.

As a result of the items recovered from the execution of the search warrant, Hall was charged with three counts of possession of a firearm by a prohibited person and one count of possession of a defaced firearm. A jury found Hall guilty of all four counts. The district court sentenced Hall to concurrent terms of imprisonment of 3 to 5 years for each of first three counts and to a consecutive term of imprisonment of 4 to 6 years for possession of a defaced firearm. The sentencing order specified that Hall received "credit on Count I for 282 days served." Hall appeals his convictions and sentences.

## ASSIGNMENTS OF ERROR

Hall assigns, restated and renumbered, that the district court erred in (1) finding sufficient evidence to support the convictions, (2) refusing to give an entrapment by estoppel jury instruction on Count III, (3) running the sentence on Count IV consecutive to the other sentences, and (4) failing to give him credit for time served on all four counts.

## STANDARD OF REVIEW

In reviewing a criminal conviction for a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Escamilla*, 291 Neb. 181, 864 N.W.2d 376 (2015). The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*.

Whether a jury instruction is correct is a question of law, regarding which an appellate court is obligated to reach a conclusion independent of the determination reached by the trial court. *State v. Planck*, 289 Neb. 510, 856 N.W.2d 112 (2014). An appellate court reviews the denial of the defense of entrapment by estoppel de novo, because it is a question of law. *Id*.

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015).

Whether a defendant is entitled to credit for time served is a question of law, which we review independently of the lower court. See *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013).

## ANALYSIS

*Sufficiency of Evidence.*

Hall argues that the district court erred in finding sufficient evidence to support his convictions. We disagree.

Hall was charged with three counts of violating Neb. Rev. Stat. § 28-1206(1)(a) (Cum. Supp. 2014), which, in relevant part, prohibits any person who has previously been convicted of a felony from knowingly possessing a firearm. Count I alleged that Hall possessed the Taurus .40 caliber handgun, Count II alleged that Hall possessed the Tec-9, and Count III alleged that Hall possessed the Ruger .22 caliber revolver. Count IV of the information charged Hall with violating Neb. Rev. Stat. § 28-1207 (Cum. Supp. 2014), which prohibits any person from knowingly

possessing any firearm from which the manufacturer's identification mark or serial number has been removed, defaced, altered, or destroyed.

The evidence presented at trial established that Lincoln police observed Hall in a photograph on Facebook holding three firearms. After obtaining a search warrant, police located three firearms on a shelf in the closet of Hall's bedroom. In an interview with police, Hall admitted to owning all three of the firearms at issue. He told officers that he had recently purchased the Ruger .22 from a man on the street for $100. The serial number on the Ruger .22 was covered in a black substance. A police analyst was unable to uncover the full serial number. Hall admitted at trial that the Ruger .22 was defaced.

Contrary to his statements to police, at trial Hall testified that the Ruger .22 was not in his bedroom at the time the search warrant was executed, that it did not belong to him, and that the only time he had seen it was when his brother was holding it. He claimed he never bought that particular gun.

Hall also asserted the affirmative defense of entrapment by estoppel because he had applied for and received a gun permit, which he claimed he relied upon when purchasing the firearms. Hall had applied for and received certificates to purchased firearms on three separate occasions. Before a certificate is issued, a background check is conducted on the applicant, and if any felony convictions are returned, the permit is denied. Because the applications are not kept on file indefinitely, only the application Hall completed in April 2014 was available and received into evidence at trial. When completing that application, Hall listed an incorrect social security number, which he claimed occurred as a mistake or because he was in a hurry. A criminal history check using the erroneous number did not return Hall's felony convictions, and he was issued a firearm certificate. Hall also indicated on the application that he had never been convicted of a felony. Hall explained that it was his understanding that after five or seven years, his conviction from 2007 would be automatically expunged from his record. He also believed that his 2009 conviction had been reduced to a misdemeanor.

When raising an entrapment by estoppel defense, the defendant has the initial burden of going forward with evidence of the defense. See *State v. Edwards*, 286 Neb. 404, 837 N.W.2d 81 (2013). When the defendant has produced sufficient evidence to raise the defense, the issue is then one which the State must disprove. *Id*. The jury was instructed on entrapment by estoppel as to Counts I and II, considered the defense, and rejected it. The jury also weighed the credibility of Hall's testimony at trial denying possession of the Ruger .22, apparently finding that his testimony was not credible. We do not reweigh these determinations on appeal. See *State v. Escamilla*, 291 Neb. 181, 864 N.W.2d 376 (2015). We conclude that the State presented sufficient evidence to establish that Hall knowingly possessed three firearms after having been previously convicted of a felony offense and that Hall knowingly possessed a defaced firearm. This assignment of error is therefore meritless.

*Jury Instruction.*

Hall asserts that the district court erred in refusing to give the entrapment by estoppel jury instruction on Count III. At the jury instruction conference, the State objected to giving the entrapment by estoppel instruction as to Count III because Hall's defense for that particular charge was that he did not possess the Ruger .22. The district court agreed and refused to give the

instruction. The court determined that the affirmative defense had not been asserted on Count III and did not apply given the evidence that was presented at trial. We find no reversible error in the manner in which the jury was instructed.

The Nebraska Supreme Court recently recognized the defense of entrapment by estoppel, which consists of four elements: (1) the defendant acted in good faith before taking any action; (2) an authorized government official, acting with actual or apparent authority and who had been made aware of all relevant historical facts, affirmatively told the defendant that his conduct was legal; (3) the defendant actually relied on the statements of the government official; and (4) such reliance was reasonable. See *State v. Edwards*, 286 Neb. 404, 837 N.W.2d 81 (2013).

To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *State v. Planck*, 289 Neb. 510, 856 N.W.2d 112 (2014).

In the present case, assuming the district court erred in refusing to instruct the jury on entrapment by estoppel as to Count III, an issue we do not decide, Hall cannot show that he was prejudiced because the jury rejected his affirmative defense as to Counts I and II. See *State v. Bao*, 263 Neb. 439, 640 N.W.2d 405 (2002)(finding no prejudice in giving of jury instruction without deciding whether instruction was erroneous). As such, even if Hall's proposed instruction had been given, the jury would have determined that he had not been entrapped into believing it was lawful for him to possess the Ruger .22. We therefore find no merit to Hall's assignment of error.

*Sentences.*

Hall challenges two aspects of his sentences on appeal. First, he claims that rather than running the sentence on Count IV consecutive to the other three sentences, the sentences on Counts I, II, and III should have run consecutive to Count IV. He asserts that had the court fashioned his sentences in that manner, he would have been eligible for programs during incarceration sooner, and the court's failure to do so makes the sentence excessive.

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015). Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Lantz*, 290 Neb. 757, 861 N.W.2d 728 (2015).

Possession of a firearm by a prohibited person is a Class 1D felony, which is punishable by a mandatory minimum sentence of 3 years' imprisonment and a maximum of 50 years' imprisonment. See Neb. Rev. Stat. §§ 28-105 (Reissue 2008); 28-1206(3)(B) (Cum. Supp. 2014). Possession of a defaced firearm is a Class III felony. Neb. Rev. Stat. § 28-1207(2) (Cum. Supp. 2014). At the time the offense was committed, Class III felonies were punishable by 1 to 20 years' imprisonment. § 28-105. Thus, Hall's sentences fall within the statutory guidelines and within the trial court's discretion to order that the sentence on Count IV run consecutive to the sentences for Counts I, II, and III.

Nevertheless, Hall claims that his sentence is excessive as ordered because he is required to serve his mandatory time before qualifying for programs. In support of his argument, he cites

Neb. Rev. Stat. § 83-1,107 (Supp. 2015), Nebraska's "good time statute." See *Johnson v. Kenney*, 265 Neb. 47, 654 N.W.2d 191 (2002). A defendant must serve the mandatory minimum portion of a sentence before earning good time credit. See *Caton v. State*, 291 Neb. 939, 869 N.W.2d 911 (2015). Thus, logically, sentences which include a mandatory minimum are served first, and after the mandatory minimum period has been completed, the defendant is then eligible to begin earning good time credit toward the remainder of his sentence.

Section 83-1,107 specifies that within 60 days after initial classification and assignment of any offender committed to the Department of Corrections (the department), all available information regarding the offender shall be reviewed and a committed offender department-approved personalized program plan document shall be drawn up. § 83-1,107(1)(a). The document is to specifically describe the department-approved personalized program plan and specific goals the department expects the committed offender to achieve as well as contain a realistic schedule for completion of the plan. *Id.* The department is to provide programs to allow compliance by the committed offender with the plan, and programming may include, but is not limited to, academic and vocational education, substance abuse treatment, mental health and psychiatric treatment, constructive and meaningful work programs, and any other program deemed necessary and appropriate by the department. *Id.* In addition, the department's rules provide that the department shall make programming available to all inmates in the general populations of the long-term residence facilities, and the programming available to an inmate depends upon his or her assigned institution, personalized plan, and documented needs and deficits. 68 Neb. Admin. Code, ch. 7, § 004 (2016).

Based upon the above, it is clear that the length of sentences and the order in which they are served are determined by the court in accordance with Nebraska statutes and the sentencing guidelines. Program availability, however, is determined by the Department of Corrections. We have located no statute, code provision, or other authority that would support Hall's argument that a sentencing judge must take into consideration the department's program availability when rendering its sentence. Accordingly, we find no abuse of discretion in the sentences imposed.

In his second challenge to his sentences, Hall contends that the district court should have given him credit for time served on all four counts, rather than just on Count I. We do not agree.

Under Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014), credit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Hall received credit for 282 days served. The sentencing order specified that the credit applied to the sentence for Count I.

Hall claims he should receive credit against his sentences for all four counts. In *State v. Williams*, 282 Neb. 182, 199, 802 N.W.2d 421 (2011), the defendant was sentenced to consecutive prison terms, and the trial court applied credit for his time served against each sentence. On appeal, the Nebraska Supreme Court found plain error in the trial court's application of credit, holding that instead of crediting time served against each count as the trial court did, the defendant was entitled to credit against only the first count. See also *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013) (credit for time served may be applied only once); *State v. Banes*, 268 Neb. 805, 688 N.W.2d 594 (2004) (presentence credit is applied only once). Therefore, the district court in the instant case did not err in applying credit for Hall's time served against only Count I.

We note, however, that the court ordered concurrent sentences for the first three counts. When credit is calculated for concurrent sentences, the longest sentence determines the offender's actual length of time in prison, and credit is "in effect" given to each sentence. *State v. Banes, supra*. Thus, when concurrent sentences are imposed, the credit is applied once, and the credit applied once, in effect, is applied against each concurrent sentence. *Id*. See also *State v. Wills, supra* (with concurrent sentences, periods of presentence incarceration are credited against the longest sentence, but are, in effect, applied against all the sentences). Thus, because Counts I, II, and III are to be served concurrently, in effect, Hall is receiving credit against all three counts, but the district court properly applied credit for Hall's time served against only Count I.

## CONCLUSION

We conclude that the evidence was sufficient to support Hall's conviction. We also find that the district court did not err in refusing to instruct the jury on entrapment by estoppel as to Count III. Finally, we find no abuse of discretion in the manner in which Hall was sentenced and no error in the credit he received for time served. We therefore affirm his convictions and sentences.

AFFIRMED.