The People of the State of New York, Respondent,
against
John J. Joyce, Appellant.




Law Offices of Eliot F. Bloom, PC (Eliot F. Bloom of counsel), for appellant.
Nassau County District Attorney (Barbara Kornblau and Adam S. Charnoff of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Valerie Alexander, J.), rendered January 20, 2015. The judgment convicted defendant, upon a jury verdict, of operating a home improvement business without a license.




ORDERED that the judgment of conviction is affirmed.
Following an investigation by the Nassau County Department of Consumer Affairs of complaints that unlicensed home improvement contractors were soliciting business in the aftermath of Superstorm Sandy, defendant was arrested for offering to perform substantial renovations at a home used by undercover county officials and police officers in a sting operation. On April 29, 2013, the People charged defendant, in an information, with violating section 21-11.2 of the Nassau County Administrative Code (Code). At a jury trial, an employee of the Department of Consumer Affairs testified that he had arranged with defendant, by telephone, for defendant to inspect the home and provide a renovation estimate. The employee testified that he had been present but out of view when defendant had arrived at the house, that he was familiar with defendant's voice from prior contacts, and that he had overheard defendant agreeing to perform renovations and insisting that he was duly licensed and insured. Defendant testified that, while not licensed in Nassau County to conduct a home improvement business, he was the president of a contracting company bearing his name and that he had appeared at the home in the capacity of a company employee to sell kitchen components that would be installed by others—an activity, he insisted, that requires no license. The jury rejected these claims and convicted defendant of operating a home improvement business without a license. Defendant appeals, arguing that the accusatory instrument is facially insufficient; that the court erred in discharging two jurors, in refusing to allow defendant to introduce certain evidence, in failing to include certain language in the jury charge, and in its handling of a jury note; that the evidence is legally insufficient; and that his conviction is against the weight of the evidence.
The accusatory instrument was facially sufficient. The factual allegations by the employee that the Department of Consumer Affairs maintains licensing records, and that he had [*2]searched those records and determined that defendant was not a licensed home improvement contractor on April 29, 2013 is competent evidence that defendant was unlicensed (see e.g. People v Shaifer, 47 Misc 3d 139[A], 2015 NY Slip Op 50599[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v White, 31 Misc 3d 130[A], 2011 NY Slip Op 50579[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v M. Santulli, LLC, 29 Misc 3d 54, 57 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Questions as to the source and validity of the deponent's knowledge are matters to be raised by the defense at trial (see People v Schmidt, 7 Misc 3d 128[A], 2005 NY Slip Op 50487[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; People v Caravousanos, 2 Misc 3d 7, 11 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]).
We also find no error with respect to the discharge of two seated jurors. The first juror revealed, prior to the start of testimony, that he had belatedly recognized defendant as someone with professional and social contacts at his place of employment. In the course of an appropriately "probing and tactful inquiry" by the court and counsel (People v Buford, 69 NY2d 290, 299 [1987]; People v Spencer, 29 NY3d 302, 310-311 [2017]; People v Lau, 148 AD3d 932, 933 [2017]), the juror stated that he had a favorable impression of defendant, that he could not be impartial, and that, owing to his position as an employee of a family business that had engaged defendant for contracting services, he could not pass judgment on defendant's guilt or innocence. Upon this record, we cannot say that the trial court, which must "carefully consider the juror's answers and demeanor" (People v Buford, 69 NY2d at 299), and which is "in the best position to assess partiality" (People v Rodriguez, 71 NY2d 214, 219 [1988]), erred in determining that the juror was "grossly unqualified to serve" (CPL 270.35 [1]), that is, that he "possesse[d] a state of mind which would prevent the rendering of an impartial verdict" (People v Buford, 69 NY2d at 298). Defendant's claim of error with respect to the second juror is not preserved for appellate review (see CPL 470.05 [2]). Although initially resisting the discharge of the juror, who cited pressing employment obligations and the inability to devote the requisite attention to exercising the juror function, the defense did not avail itself of the court's invitation to question the juror, did not object that the court's questioning was insufficient to support the determination to discharge the juror (see e.g. People v Kelly, 5 NY3d 116, 120 & n 2 [2005]; People v Middleton, 18 AD3d 670, 671 [2005]), and did not object to the court's ultimate determination to discharge the juror. In any event, the record "convincingly demonstrate[s]" (People v Spencer, 29 NY3d at 310) that the court's determination to excuse the juror was proper (see e.g. People v Bonds, 157 AD3d 713, 713-714 [2018]; People v Callistro, 146 AD3d 795, 796 [2017]; People v Wells, 63 AD3d 967, 968 [2009], affd 15 NY3d 927 [2010]; People v Daniels, 59 AD3d 730, 730 [2009]).
Defendant also assigns error to the trial court's refusal to permit him to introduce into evidence the Department of Consumer Affairs employee's supporting deposition, alleged to contain two statements that were inconsistent with his trial testimony—the description of his job title and whether defendant had personally informed him that he was a licensed home improvement contractor. While prior inconsistent statements are generally admissible for impeachment purposes (see People v Piazza, 48 NY2d 151, 165 [1979]), where, as here, the witness "fully and clearly admits the making of them as provable by the impeaching party, further proof of them is unnecessary" (Larkin v Nassau Elec. R.R. Co., 205 NY 267, 270 [1912]; see [*3]also People v Piazza, 48 NY2d at 165; People v Woods, 142 AD3d 1356, 1357 [2016]; People v Rogers, 103 AD3d 1150, 1153 [2013]; People v Wynn, 67 AD3d 423, 423-424 [2009]; People v Person, 26 AD3d 292, 294 [2006], affd 8 NY3d 973 [2007]). In any event, not only was the jury informed of the prior statements alleged to contradict the official's trial testimony, but their impeachment value was minimal. In the course of his testimony, the official clarified that defendant had made the incriminating statement to him during a telephone conversation prior to the sting house meeting, and, while his employment status had not been accurately described in the deposition transcribed by another, he testified to his official employment title—an assistant to the Commissioner—which only slightly varied from that stated in the deposition.
Although the defense initially requested the inclusion in the jury charge of certain language with respect to the meaning of "home improvement" (see Local Law § 6 [1970] of Nassau County § 21-11.1 [3]), the Code provisions exempting from the licensing requirement employees of licensees (see Local Law § 6 [1970] of Nassau County § 21-11.10 [1]) and sellers of goods or materials to be installed by others (see Local Law § 6 [1970] of Nassau County § 21-11.1 [3] [b]), the defense did not object to the form of the charge, either when it had been proposed or after it had been delivered to the jury, thereby waiving any objection thereto (see CPL 470.05 [2]; see e.g. People v Castillo, 29 NY3d 935, 937 [2017]; People v Hansen, 153 AD3d 1431, 1432 [2017]; People v Callistro, 146 AD3d 795, 796 [2017]; People v Bradford, 137 AD3d 928, 929 [2016]). In any event, the court's charge substantially and sufficiently tracked the language of the relevant portions of the Code (see e.g. People v Vigo, 222 AD2d 261 [1995]; People v Martin, 23 Misc 3d 67, 69 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]), and it cannot be said that the charge as a whole failed to convey the legal principles applicable to the case (see People v Quinn, 131 AD3d 710, 710 [2015]), notwithstanding that it did not precisely correspond to the language requested by the defense (see e.g. People v Dell'Aera, 84 AD3d 1109, 1110 [2011]).
Defendant's objection to the manner in which the trial court responded to a jury note requesting a charge readback is not preserved for appellate review, as the defense did not respond to the court's invitation to comment after the court read the text of the note into the record, nor did the defense object to the readback as given (see CPL 470.05 [2]; People v Lewis, 150 AD3d 1264, 1265 [2017]). In any event, the court fulfilled its obligation to inform the defense of the note's content and to afford defendant a meaningful opportunity to suggest a proper response (see CPL 310.30; People v Silva, 24 NY3d 294, 299 [2014]; People v O'Rama, 78 NY2d 270, 277-278 [1991]). Although the trial court declined, as untimely, defense counsel's request personally to read the note, the court twice recited the note's brief and simple content, first to counsel and then to the jury in counsel's presence, thereby fulfilling the procedural requirement of communicating the note's content (see People v Nealon, 26 NY3d 152, 157 [2015]; People v Walston, 23 NY3d 986, 989 [2014]; People v Alcide, 21 NY3d 687, 693 [2013]). Thus, the defense was informed as to the "precise content of a substantive jury note" at a time that permitted the defense to "participat[e] meaningfully" at this critical stage of a trial (People v Mack, 27 NY3d 534, 542 [2016]; see e.g. People v Webster, 153 AD3d 733, 734 [2017]; People v Holloman, 151 AD3d 1872, 1873 [2017]). Moreover, because a response to the jury request for a charge readback is essentially "ministerial" in nature and "requires only a ministerial response" (People v Nealon, 26 NY3d at 161), whatever deviations may have occurred did not [*4]implicate the core requirements of a proper response to a jury note, and any objections thereto were also not preserved for appellate review (id.; see also People v Morris, 27 NY3d 1096, 1098 [2016]; People v Bonds, 157 AD3d 713, 714 [2018]; People v Gibson, 147 AD3d 779, 779-780 [2017]).
Defendant's challenge to the legal sufficiency of the evidence is not preserved for appellate review as he made no motion, either at the close of the People's case or after having presented a case of his own, to dismiss for legal insufficiency (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Hines, 97 NY2d 56, 61-62 [2001]; People v Gray, 86 NY2d 10, 18 [1995]).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). The violation of which defendant was convicted was established by proof that defendant owned, conducted, operated, engaged in, or transacted a home improvement business, or held himself out "as being able to do so," without being licensed by the County. "Conspicuously absent from the ordinance is the requirement of a culpable mental state" (People v Stephens, 34 Misc 3d 43, 44 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; see Penal Law § 15.20 [2]). Further, it is not necessary that the People plead and prove the inapplicability of the exception provided in Local Law § 6 (1970) of Nassau County § 21-11.10 (1) for employees of home improvement contractors, as it is merely a proviso which must be raised by the accused as a bar to prosecution or as a defense (see People v Santana, 7 NY3d 234, 236 [2006]; People v Farella, 19 Misc 3d 145[A], 2008 NY Slip Op 51129[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
The county employee testified as to his examination of county records, which had confirmed that defendant was not licensed as a home improvement contractor, and that when defendant had returned the call from the investigator's office, defendant had expressed his willingness to perform substantial home renovations and had stated that he was duly licensed, and had agreed to a time and date to inspect the premises and to provide an estimate. Defendant arrived at the designated location at the appointed time, discussed specific home renovations with the undercover investigator, again insisted that he was duly licensed to perform such renovations, and provided a business card which identified him as the president of a company bearing his name and which stated: "Licensed and Insured in Nassau and Suffolk." The employee also testified that he had recognized defendant's voice from multiple prior encounters involving code violations, that he had heard defendant discuss performing home improvements at the sting house with the undercover investigator, and that he had been personally involved in defendant's arrest shortly thereafter. The employee's testimony that defendant was not a licensed home improvement contractor was confirmed by defendant's own admission that his license had been suspended as of the incident date. Thus, the jury's determination that defendant "h[e]ld himself out as being able" to "conduct" and to "engage in" home improvement activities (Local Law § 6 [1970] of Nassau County § 21-11.2) and that he actually "offer[ed] to undertake [and] agree[d] to perform" such improvements (Local Law § 6 [1970] of Nassau County § 21-11.1 [2]) while misrepresenting that he was licensed to do so in Nassau County was not against the weight of the [*5]evidence, as the jury could properly reject defendant's claims that his purpose was merely to sell a kitchen to be installed by others and that, as an employee of his contracting company, named for him and of which he is the sole officer, he requires no license.
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 28, 2018